```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JOHN R. DANNER, JR.,            :
MARTHA E. DANNER,
EMMA E. PETERS,                 :
RUTH A. THOMPSON,
          Plaintiffs
                                :

          vs.                   :   CIVIL NO. 1:CV-06-2270

                                :

TOWER ACQUISITION, LLC,
          Defendant             :


*M E M O R A N D U M*

The plaintiffs, John R. Danner, Jr., Martha E. Danner, Emma M. Peters, and Ruth A. Thompson, filed this action in state court to eject the defendant, Tower Acquisition, LLC, from a four-acre leasehold. Defendant removed it here on the bases of diversity and bankruptcy jurisdiction. Upon motion of the plaintiffs, we remanded ths case, concluding that neither basis provided jurisdiction. *Danner v. Tower Acquisition, LLC*, 2007 WL 914172 (M.D. Pa.).

We are considering Plaintiffs' motion for attorney's fees and costs for their successful remand. They seek a total of $21,553.42. They invoke 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a

result of the removal."[1] The following standard applies to requests for attorney's fees under section 1447(c): "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, ___, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005).[2]

After careful review of the parties' briefs, we agree with Plaintiffs that they should be awarded their fees and costs because Defendant had no objectively reasonable basis for either diversity or bankruptcy jurisdiction. As detailed in our memorandum explaining our remand order, we rejected diversity jurisdiction because Defendant had ignored the correct legal standard for determining the amount in controversy. Defendant looked to the value of the leasehold for itself as the tenant, when the legal standard required an assessment of the value of

---

[1] We remanded the case on March 23, 2007, but in accord with Fed. R. Civ. P. 54(d)(2)(B), Plaintiffs can seek their attorney's fees "not later than fourteen days after" the remand. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996).

[2] Defendant argues for a different standard, that we can only award fees if the removal petition was "frivolous" or "insubstantial," citing *Siebert v. Norwest Bank Mn.*, 166 Fed. Appx. 603, 607 (3d Cir. 2006)(nonprecedential). *Siebert* does not support such a standard. Citing *Mints, supra,* 99 F.3d at 1261, *Siebert* only stated that a fee award could be made if the petition was frivolous or insubstantial. In any event, in *Martin*, the Supreme Court rejected Defendant's standard for section 1447(c) fee awards. 546 U.S. at ___, 126 S.Ct. at 710.

2

the real estate to Plaintiff. *See Danner*, *supra*, 2007 WL 914172, at *3-4. This was not an objectively reasonable approach.

As for bankruptcy jurisdiction, Defendant made two arguments in favor of bankruptcy jurisdiction. First, Plaintiffs' ejectment action challenged substantive rights conferred by 11 U.S.C. §§ 363 and 365 to finality in the purchase of assets from an estate in bankruptcy. (Here Defendant had purchased the previous tenant's interest in the leasehold.) We rejected this argument because Defendant did not specify what rights conferred by sections 363 and 365 were involved. We also rejected it because the argument was directly contrary to the Third Circuit's ruling in *In re Hall's Motor Transit Co.*, 889 F.2d 520 (3d Cir. 1989), that when an asset is purchased from the estate, the bankruptcy court's jurisdiction over the asset ceases. *See Danner*, *supra*, 2007 WL 914172, at *5-6. It is not objectively reasonable to rely on unspecified statutory rights and to argue contrary to relevant circuit precedent.

Second, Defendant argued there was bankruptcy jurisdiction because the ejectment action is a core proceeding, intertwined with events that occurred in the bankruptcy proceedings. Specifically, Defendant claimed that the ejectment action would involve matters already dealt with in the bankruptcy court, that Plaintiffs had supposedly received a notice in the bankruptcy proceedings about the ten-year extension of the lease and that bankruptcy-court sales orders

3

had approved the assignment of the lease to Defendant. We rejected this argument because Defendant had not provided us with copies of the relevant notices and sales orders, and we could not rely on Defendant's representations alone. *Id.*, 2007 WL 914172, at *7. Mere representations in a brief cannot form an objective basis for finding jurisdiction.

      Turning to the amount sought, we note that Defendant does not dispute the figure sought as fees and costs, so we will enter an order for that amount.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: May 22, 2007

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHN R. DANNER, JR.,            :
MARTHA E. DANNER,
EMMA E. PETERS,                 :
RUTH A. THOMPSON,
         Plaintiffs
                                :

         vs.                    :    CIVIL NO. 1:CV-06-2270

                                :

TOWER ACQUISITION, LLC,
         Defendant              :
```

*O R D E R*

AND NOW, this 22nd day of May, 2007, it is ordered that:

    1.  Plaintiffs' motion (doc. 24) for attorney's fees and costs 28 U.S.C. § 1447(c) is granted.

    2.  Defendant shall pay Plaintiff $21,553.42 in fees and costs.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge